**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JESSIE WAYNE PILLETTE,

    Petitioner,　　　　　　　　　Civil No. 2:13-14777
　　　　　　　　　　　　　　　　　　HONORABLE ARTHUR J. TARNOW
v.　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

CINDI CURTIN,

    Respondent,
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Jessie Wayne Pillette, ("Petitioner"), confined at the Oaks Correctional Facility in Manistee, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his continued confinement for his convictions for assault with intent to commit murder, M.C.L.A. 750.83; two counts of felonious assault, M.C.L.A. 750.82; and three counts of carrying a weapon with unlawful intent, M.C.L.A. 750.226. For the reasons stated below, the petition for writ of habeas corpus is SUMMARILY DENIED.

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Otsego County Circuit Court. After exhausting his state court remedies, petitioner filed a petition for writ of habeas corpus with this Court. On June 19, 2009, this

1

*Pillette v. Curtin,* 2:13-CV-14777

Court granted a writ of habeas corpus to petitioner, on the ground that petitioner had been denied the effective assistance of trial counsel.  The Court conditioned the writ on the State of Michigan re-trying petitioner within ninety days of the writ or releasing him from custody.  This Court denied petitioner relief on his remaining claims. *Pillette v. Berghuis*, 630 F. Supp. 2d 791 (E.D. Mich. 2009).

On September 17, 2009, the Michigan Department of Corrections released petitioner from custody at the expiration of the conditional writ's ninety day time period for affording petitioner a new trial.

Because of respondent's failure to afford petitioner a new trial within ninety days of the conditional grant of writ of habeas corpus, this Court on September 18, 2009 granted an unconditional writ of habeas corpus, ordered the expungement of petitioner's conviction, and barred reprosecution of petitioner by the State of Michigan. *See Pillette v. Berghuis*, 683 F. Supp. 2d 518 (E.D.Mich. 2009).

The United States Court of Appeals for the Sixth Circuit subsequently reversed the grant of the writ but affirmed this Court's denial of petitioner's remaining claims. *Pillette v. Berghuis*, 408 Fed. Appx. 873 (6th Cir. 2010); *cert. den.* 132 S. Ct. 125 (2011).

On January 11, 2011, petitioner was arrested and returned to the custody of the Michigan Department of Corrections.

*Pillette v. Curtin,* 2:13-CV-14777

Petitioner subsequently moved to recall the Sixth Circuit's mandate, in part on the ground that the Sixth Circuit, in reversing this Court's grant of a writ of habeas corpus, never considered whether the reversal would amount to double jeopardy. The Sixth Circuit denied petitioner's request to recall the mandate, holding that petitioner was not placed twice in jeopardy by the reversal of the grant of habeas corpus but was simply remanded into custody after his prior release. *Pillette v. Berghuis,* Nos. 09-1921, 09-1922, 09-2244, * 1-2 (6th Cir. June 15, 2012); *cert. den.* 133 S. Ct. 450 (2012).

Petitioner filed a motion for relief from judgment with the trial court, claiming that his return to prison after he had been discharged from custody by the Michigan Department of Corrections violated the Double Jeopardy Clause. The trial court denied the motion. *People v. Pillette,* No. 03-002953 (Otsego County Circuit Court, January 5, 2012). The Michigan appellate courts denied petitioner leave to appeal. *People v. Pillette,* No. 308680 (Mich.Ct.App. April 6, 2012); *lv. den.* 493 Mich. 890, 822 N.W.2d 575 (2013).

Petitioner also filed a state petition for writ of habeas corpus, in which he again challenged the lawfulness of his continued incarceration on double jeopardy grounds. The petition for writ of habeas corpus was denied. *People v. Pillette,* No. 12-K-28975-AH (Ionia County Circuit Court, March 29, 2012). Petitioner then filed an original complaint for writ of habeas corpus with the

*Pillette v. Curtin,* 2:13-CV-14777

Michigan Court of Appeals. The Michigan Court of Appeals denied the complaint for writ of habeas corpus. *People v. Pillette,* No. 310170 (Mich.Ct.App. February 8, 2013).

Petitioner also filed a complaint for writ of mandamus with the Ingham County Circuit Court, in which he again raised the double jeopardy issue plus a claim that the Michigan Department of Corrections had unlawfully extended his sentence in order to punish petitioner for an escape that never happened. The complaint was dismissed. *Pillette v. Department of Corrections,* No. 12-000114-AW (Ingham County Circuit Court, June 20, 2012). The Michigan Court of Appeals denied petitioner leave to appeal. *Pillette v. Department of Corrections*, No. 312690 (Mich.Ct.App. November 26, 2012).

Petitioner then sought leave to appeal with the Michigan Supreme Court and requested that this case be consolidated with the appeal of the denial of his state habeas petition. The Michigan Supreme Court denied petitioner's motion to consolidate and his application for leave to appeal. *Pillette v. Department of Corrections*, 494 Mich. 855, 830 N.W.2d 404 (2013).

Petitioner filed a motion with the Sixth Circuit for authorization to file a successive habeas petition. The Sixth concluded that petitioner's double jeopardy claim involving his reincarceration following the reversal of the grant of the writ of habeas corpus did not constitute a second or successive challenge to

4

*Pillette v. Curtin,* 2:13-CV-14777

his convictions, within the meaning of 28 U.S.C. § 2244(3)(b)(A), because the claim challenged events that happened after the filing of his first habeas petition. The Sixth Circuit ruled that petitioner did not need authorization to file a second or successive petition. *In Re Pillette,* U.S.C.A. No. 13-1350, * 2-3 (6th Cir. October 30, 2013). In passing, the Sixth Circuit noted "the likely failure of" petitioner's Double Jeopardy claim, because his conviction was merely reinstated. *Id.* at * 3.

Petitioner seeks a writ of habeas corpus on the following ground:

Defendant has been subject to Double Jeopardy constituting a jurisdictional defect thus he must be released immediately.

Petitioner has also filed a motion for modification of custody.

## II.  Discussion

The petition for writ of habeas corpus must be summarily denied because petitioner fails to state a claim upon which habeas relief can be granted.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the

*Pillette v. Curtin,* 2:13-CV-14777

petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. A district court has the duty to screen out any habeas corpus petition which lacks merit on its face. *Allen v. Perini,* 424 F. 3d 134, 141 (6th Cir. 1970). No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's claim does not entitle him to habeas relief, such that the petition must be summarily denied.

Petitioner claims that his rights under the Double Jeopardy Clause were violated when he was arrested and returned to prison after the Sixth Circuit reversed the writ of habeas corpus that had been issued by this Court.

As an initial matter, it is unclear whether this Court even has the authority to consider whether petitioner's recapture and reincareration violates the Double Jeopardy Clause, in light of the fact that the Sixth Circuit at least once, and possibly twice, concluded that reincarcerating petitioner following the reversal of the grant of the writ did not place petitioner in jeopardy twice for the same offense. In denying petitioner's motion to recall the mandate following the reversal of the habeas grant, the Sixth Circuit explicitly held that petitioner was

*Pillette v. Curtin,* 2:13-CV-14777

not placed in jeopardy twice but was simply remanded after the reversal of the grant.  The Sixth Circuit, in its subsequent order with respect to petitioner's motion to authorize a second habeas petition, noted the "likely failure" of such a claim because petitioner's conviction had merely been reinstated following the reversal of the grant.

Under the law of the case doctrine, a court is ordinarily precluded from re-examining an issue previously decided by the same court, or by a higher court in the same case. *Consolidation Coal Co. v. McMahon*, 77 F. 3d 898, 905 (6th Cir. 1996).  "Under the doctrine of law of the case, findings made at one point of the litigation become the law of the case for subsequent stages of that same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994).  The law of the case doctrine has been applied to habeas cases in various contexts. *See Crick v. Smith*, 729 F. 2d 1038, 1039 (6th Cir. 1984).

Because the Sixth Circuit at least once, and possibly twice, concluded that petitioner was not placed in jeopardy twice by being returned to prison following the reinstatement of his conviction, the law of the case doctrine most likely precludes this Court from relitigating petitioner's double jeopardy claim.

In any event, petitioner's double jeopardy claim is without merit.

The Double Jeopardy Clause serves the function of preventing both successive punishments and successive prosecutions. *United States v. Ursery*,

7

*Pillette v. Curtin,* 2:13-CV-14777

518 U.S. 267, 273 (1996).  The protection against multiple punishments prohibits the government from "punishing twice or attempting a second time to punish criminally for the same offense." *Witte v. United States*, 515 U.S. 389, 396 (1995)(quoting *Helvering v. Mitchell*, 303 U.S. 391, 399 (1938)).

In the present case, petitioner was released by the Michigan Department of Corrections on September 17, 2009, when the ninety day period for complying with the conditional writ expired.  The following day, this Court issued an unconditional writ based upon the state's failure to comply with the terms of the conditional writ.  In 2010, the Sixth Circuit reversed the issuance of the writ of habeas corpus and reinstated the conviction.  Petitioner was subsequently recaptured and returned to the Michigan Department of Corrections.

The Supreme Court noted that "it is well settled that an appellate court's order reversing a conviction is subject to further review even when the appellate court has ordered the indictment dismissed and the defendant discharged." *U. S. v. Wilson,* 420 U.S. 332, 345 (1975).  Double jeopardy does not bar a state's appeal from a district court's grant of habeas corpus relief to a habeas petitioner. *See Lambert v. Blackwell,* 134 F. 3d 506, 509, n. 1 (3rd Cir. 1997).  Where the reversal of a district court's judgment on appeal does not require the government to retry a criminal defendant, but instead requires only the reinstatement of the jury's guilty verdict, there is no violation of the Double Jeopardy Clause. *See U.S.*

8

*Pillette v. Curtin,* 2:13-CV-14777

*v. Baggett*, 251 F. 3d 1087, 1095 (6th Cir. 2001).

The Michigan Department of Corrections released petitioner when the State of Michigan failed to afford petitioner a new trial within ninety days of the issuance of the conditional writ. This Court subsequently issued an unconditional writ and ordered petitioner's release from custody. The Sixth Circuit reversed the issuance of the writ of habeas corpus and reinstated petitioner's conviction. Petitioner was returned to prison. Petitioner's reincarceration following the Sixth Circuit's reversal of the grant of the writ of habeas corpus did not violate the Double Jeopardy Clause because petitioner was not subject to trial twice for the same offense but instead was simply returned to state custody after his conviction was reinstated on appeal. Petitioner is not entitled to habeas relief on his Double Jeopardy claim. The Court denies the petition for writ of habeas corpus and petitioner's motion for modification of custody.

**A certificate of appealability.**

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[1] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA

---

[1] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

*Pillette v. Curtin,* 2:13-CV-14777

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

The Court will deny a certificate of appealability, because jurists of reason would not find the Court's resolution of the claims to be debatable.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an

*Pillette v. Curtin,* 2:13-CV-14777

appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

### III. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Pillette is not entitled to federal-habeas relief on the claim presented in his petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE**. (Dkt. # 1).

**IT IS FURTHER ORDERED** that the motion for modification of custody (Dkt. # 3) is **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner will be granted leave to appeal *in forma pauperis.*

                                      s/Arthur J. Tarnow  
                                      Arthur J. Tarnow  
                                      Senior United States District Judge

Dated: January 23, 2014

*Pillette v. Curtin,* 2:13-CV-14777

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 23, 2014, by electronic and/or ordinary mail.

<u>s/Catherine A. Pickles</u>
Judicial Assistant